```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

JORDAN NEWSOME,

        Plaintiff,
v.                                 Case No. 8:10-cv-678-T-33AEP

REGENT ASSET MANAGEMENT
SOLUTIONS, INC.,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff Jordan Newsome's Motion for Default Judgment (the "Motion" Doc. # 9), which was filed on July 30, 2010. In the Motion, Mr. Newsome requests an order granting default judgment in his favor and against Defendant Regent Asset Management Solutions, Inc. ("Regent"). The total amount sought in this Fair Debt Collections Practices case is $29,097.50. (Doc. # 10 at 4). This amount includes actual[1] and statutory damages[2], as well as reasonable attorney's fees and costs. (Doc. # 10 at 2-3). Mr. Newsome requests attorney's fees in the amount of

---

[1] Mr. Newsome requests $25,000.00 in actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for a lost employment opportunity and emotional distress.

[2] Mr. Newsome requests $1,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

1

$2,707.50 and costs in the amount of $390.00. (Doc. # 10 at 3-4). Mr. Newsome supports his Motion with an affidavit, filed under penalty of perjury, describing the underlying factual allegations (Doc. # 10-1 at 1-2), the Declaration of Jeffrey S. Hyslip Supporting Plaintiff's Attorneys' Fees and Costs, filed under penalty of perjury, (Doc. # 10-2 at 1-2), exhibits indicating the amount of costs accrued to file the case and to effectuate service of process (Docs. ## 10-3, 10-4), and a summary of the legal services provided which details the attorney time spent on this matter (Doc. # 10-5). For the reasons that follow, the Court will grant the Motion.

I. **Default**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter a party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

2

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

## II. Analysis

On March 22, 2010, Mr. Newsome filed a complaint against Regent for actual damages, statutory damages, costs, and reasonable attorney's fees under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a-k. (Doc. # 1).

Regent was served with the complaint and summons on May 7, 2010, but failed to file responsive papers. (Doc. # 5). On June 9, 2010, Mr. Newsome filed a Motion for Entry of Clerk's Default. (Doc. # 6). Accordingly, the Clerk entered a default pursuant to Rule 55(a), Fed.R.Civ.P., against Regent on June 10, 2010. (Doc. # 7).

Based upon the Clerk's entry of default, the well-pleaded factual allegations contained in the complaint, the Motion,

Mr. Newsome's affidavit filed under penalty of perjury describing the underlying factual allegations (Doc. # 10-1 at 1-2), the Declaration of Jeffrey S. Hyslip Supporting Plaintiff's Attorneys' Fees and Costs filed under penalty of perjury (Doc. # 10-2 at 1-2), the exhibits indicating the amount of costs accrued to file the case and to effectuate service of process (Docs. ## 10-3, 10-4), and the summary of legal services provided (Doc. # 10-5), the Court determines that the Motion is due to be granted.  Mr. Newsome is entitled to a judgment against Regent in the amount of $29,097.50.  This amount includes actual and statutory damages, as well as reasonable attorney's fees and costs.  After the default judgment has been executed by the Clerk and filed, the Clerk shall close this case.

     Accordingly, it is

     **ORDERED, ADJUDGED,** and **DECREED:**

1. Mr. Newsome's Motion for Default Judgment (Doc. # 9) is **GRANTED**.

2. Mr. Newsome is entitled to a judgment against Regent Asset Management Solutions, Inc. In the amount of $29,097.50.

3.   After the judgment has been filed, the Clerk shall close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>30th</u> day of August, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record

5